CHARLES W. BIBB v. BERNHARD ROTH.[1]

May 17, 1907.

Nos. 15,160—(110).

**Conversion—Evidence.**

Evidence considered, and *held*, that it is not sufficient to sustain a verdict to the effect that the plaintiff was the owner of the grain here in question and that the defendant converted it.

Appeal by plaintiff from a judgment of the district court for Wabasha county entered pursuant to the order of Snow, J., reversing the

[1]Reported in 111 N. W. 919.

judgment of the municipal court of Lake City and dismissing the action. Affirmed.

*James E. Phillips,* for appellant.

*Henry W. Morgan,* for respondent.

START, C. J.

This is an action commenced in the municipal court of Lake City to recover the value of a quantity of oats and barley.

The plaintiff alleged in his complaint that he was the owner thereof and that the defendant converted it to his own use. The answer was a general denial. A trial resulted in a verdict and judgment in favor of the plaintiff for $200 and costs. The defendant appealed on questions of law alone from the judgment to the district court of the county of Wabasha, and the case was heard in that court upon the record and evidence in the municipal court. The district court held that the verdict was not supported by the evidence, and ordered judgment reversing the judgment appealed from. Judgment was so entered, from which the plaintiff appealed to this court.

The only question for our decision is whether there is any evidence in the record fairly tending to support the verdict. The burden was on the plaintiff to establish his alleged ownership of the grain. This he attempted to do by offering in evidence a lease or farm contract, executed by himself and the defendant, which recited that the plaintiff was the owner of the land therein described, and which contained provisions for the farming and cropping of the land by the defendant during the season of 1905 for a share of the crops to be raised thereon. But the land described in the contract was admittedly not the land on which the grain in controversy was raised. Nor was there any evidence tending to show any contract between the parties respecting the farming of the land which did produce the grain.

Again, there was no competent evidence of the value of the grain. There was evidence tending to show that an agent of the plaintiff went to a farm which was in the possession of the defendant at the time he was threshing the grain raised thereon and arranged with him to retain one-third of the crop in his granary and haul it to market later (presumably for the plaintiff), which he did not do. This evidence, standing alone, as it does, is not sufficient to sustain a verdict that the

plaintiff owned the wheat in controversy. Upon the whole record, we are of the opinion that the district court correctly held that the evidence was not sufficient to sustain the verdict.

Judgment affirmed.